MANRIQUE, DEMANDANTE Y APELANTE, *v.* MANGUAL ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero, etc.

No. 2087.—Resuelto en febrero 10, 1920.

OBLIGACIONES—NOVACIÓN—ALEGACIONES.—Cuando en sustitución de una obligación vencida se contrae otra por un nuevo término bajo condiciones que la alteran sustancialmente la obligación primitiva queda extinguida por novación, y es prematura y no aduce hechos suficientes para determinar una causa de acción una demanda presentada con anterioridad al vencimiento de la nueva obligación.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de los apelados: Sr. F. González Fagundo.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante Cipriano Manrique Gil contra la sentencia que dictó la Corte de Distrito de Humacao en 24 de junio de 1919 declarando sin lugar la demanda por el fundamento de que no

aduce hechos suficientes para determinar la causa de acción que se ejercita.

Alega el demandante en su demanda, archivada en 1°. de marzo de 1918, que en 14 de noviembre de 1916 el demandado Julio Mangual suscribió y entregó al demandante un pagaré a la orden de éste por la suma de $1,418.48 a vencer en 31 de mayo de 1917, con interés del 1 por ciento mensual, valor recibido procedente del precio de abonos vendidos a dicho demandado, cuyo pagaré se transcribe en la demanda; que Julio Mangual compró a crédito al demandante implementos agrícolas por valor de $68.70 que también se obligó a satisfacerle en 31 de mayo de 1917, con igual interés del 1 por ciento mensual; que ni Julio Mangual ni otra persona en su nombre han satisfecho las expresadas sumas total o parcialmente; que el demandante practicó infinidad de gestiones para obtener que Mangual le pagara la suma de $1,487.18 a que ascendían las dos cantidades que se dejan expresadas, así como el montante de sus intereses; que allá por el día 28 de diciembre del año 1917 Prudencio Euguí, otro de los demandados, se obligó a pagar al demandante por cuenta del demandado Mangual y con abono a la suma de $1,487.18 y sus intereses la cantidad de $1,200 en dos plazos, el primero de ellos a vencer en 30 de junio de 1918 y el segundo en 30 de junio de 1919, siendo cada plazo de $600, habiéndose comprometido Euguí a garantizar esos pagos en las indicadas fechas con pagarés suscritos por él y su codemandado Mangual a favor y orden del demandante; que el codemandado Antonio Reyes allá por el día 28 de diciembre de 1917 se obligó a satisfacer al demandante en 30 de junio de 1918 la cantidad de $100 que había de abonarse al pago que Mangual debió satisfacer en 31 de mayo de 1917, habiéndose comprometido a garantizar el pago de esos $100 con un pagaré que suscribiría a favor y orden del demandante; que para solventar la totalidad de la deuda con el montante de sus intereses, el demandado Mangual en 28 de diciembre de 1917 se obligó a satisfacer al demandante la cantidad de

$515.52 cuyo pago había de garantizar con un pagaré que suscribiría a favor y orden del demandante; que las obligaciones contraídas por los demandados Enguí, Reyes y Mangual lo fueron conjuntamente por dichos demandados y con el objeto de extinguir la obligación del demandado Mangual de $1.487.18, habiéndose practicado una liquidación de los intereses hasta las fechas de los respectivos pagos, a los efectos de conocer el remanente que había de solventar Mangual; y que los tres demandados se obligaron a otorgar y entregar al demandante en 3 de enero de 1918 los cuatro pagarés que habían de garantizar sus obligaciones, sin que lo hubieran hecho a pesar de haber sido requeridos varias veces para que prestaran esas garantías.

La demanda contiene otras alegaciones que fueron eliminadas por orden de la corte de 31 de julio de 1918, y concluye con la súplica de que se dicte sentencia condenando a los demandados a pagar al demandante los $1,487.18 adeudados por Mangual y sus intereses convenidos hasta la fecha del pago, con costas, gastos y honorarios del abogado del demandante.

A la anterior demanda opusieron los demandados Julio Mangual y Prudencio Enguí la excepción de que no aduce hechos suficientes para determinar una causa de acción, y esa excepción fué declarada con lugar por la corte, declarándose también sin lugar la demanda, con costas al demandante, por sentencia de 24 de junio de 1919, según hemos ya indicado.

La corte inferior estima que las primitivas obligaciones de deber del demandado Julio Mangual a favor del demandante Cipriano Manrique se extinguieron por novación y que las sustitutas aun no se han vencido.

El apelante alega que la corte inferior cometió error tanto al declarar extinguidas por novación las primitivas obligaciones de Mangual como al estimar prematura la acción por no haber vencido las nuevas obligaciones cuyo importe se

reclama en la demanda, y sostiene que por el convenio de diciembre 28, 1917 únicamente se prorrogó el vencimiento de las primitivas obligaciones, se adicionaron al capital los intereses devengados y se afianzó el pago de una parte de dichas obligaciones, por lo cual lejos de haberse extinguido éstas, quedaron subsistentes y aun subsisten incólumes e insolutas, no obstante las modificaciones introducidas.

No estamos conformes con la argumentación del apelante Manrique, pues él mismo alega en su demanda que las obligaciones contraídas por los demandados en 28 de diciembre de 1917 lo fueron *con el objeto de extinguir la obligación primitiva* del demandado Julio Mangual y el demandante ejercita su acción de cobro contra los tres demandados al amparo de los convenios de 28 de diciembre de 1917, al pretender que no sólo sea condenado Mangual si no también Euguí y Reyes al pago de la cantidad reclamada.

La primitiva obligación de 14 de noviembre de 1916 que había de vencer en 31 de mayo de 1917 quedó extinguida no solamente por consentimiento expreso de las partes si no por sustitución de la persona del deudor con arreglo a los artículos 1124, 1171 y 1172 del Código Civil. Los codemandados Euguí y Reyes no fueron meros garantizadores de la obligación primitiva de Mangual dejando ésta subsistente, si no que en unión de Mangual contrajeron nuevas obligaciones de deber, variando las condiciones de la primera. Pero aun en el supuesto de que no se hubiera extinguido la obligación primitiva de Mangual que había de vencer en 31 de mayo de 1917, el plazo para el pago fué prorrogado en virtud de las convenciones posteriores hasta 30 de junio de 1918 y 30 de junio de 1919; y como la demanda fué radicada en 1°. de marzo de 1918 la obligación de pago no estaba vencida en esa fecha y por tanto no podía exigirse su cumplimiento con arreglo al artículo 1092 del Código Civil preceptivo de que las obligaciones para cuyo cumplimiento se haya señalado un día cierto sólo serán exigibles cuando el día llegue.

Y no cabe invocar como invoca el apelante en su defensa el artículo 1096 del código citado, según el cual perderá el deudor todo derecho a utilizar el plazo cuando después de contraída la obligación resultase insolvente, salvo que garantice la deuda, o cuando no otorgue al acreedor las garantías a que estuviese comprometido.

Las alegaciones de la demanda en que se funda el apelante para sostener que Mangual quedó insolvente después de contraídas las posteriores obligaciones de 28 de diciembre de 1917 fueron eliminadas por orden de la corte de 31 de julio de 1918 y no tienen valor alguno a los efectos de su argumentación, máxime cuando no se ha levantado ante esta corte la improcedencia de la eliminación; y por lo que atañe al hecho de no haberse otorgado por los deudores Mangual, Euguí y Reyes las garantías a que estuvieron comprometidos en virtud de las convenciones de 28 de diciembre de 1917 o sean los pagarés expresivos de las obligaciones por ellos contraídas, esos pagarés no pueden estimarse legalmente como garantía, si no como prueba de las obligaciones contraídas que existieron independientemente de los pagarés, con arreglo al artículo 1221 del Código Civil.

Precisamente el demandante ha ejercitado su acción contra los tres demandados bajo la teoría de que los tres quedaron obligados en virtud de las convenciones de 28 de diciembre de 1917 y está impedido de sostener la ineficacia de esas obligaciones al amparo de los preceptos contenidos en el artículo 1096 del Código Civil.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.